UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK JUIDE,

        Plaintiff

v.

MICHIGAN
DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.
_____/

Case No. 2:16-13806
District Judge Sean Cox
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL (DE 37, 43)

This matter is before the Court for consideration of Plaintiff Mack Juide's motions for appointment of counsel. (DE 37, 43.) For the reasons that follow, Plaintiff's motions are **DENIED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this lawsuit under 42 U.S.C. § 1983 against various correctional officials alleging claims regarding violations of the Americans with Disabilities Act (ADA). The crux of the allegations is that Defendants retaliated against Plaintiff, who is a paraplegic, when he filed a grievance regarding a nonfunctioning wheelchair lift.

Plaintiff filed a motion for appointment of counsel on October 25, 2016, contemporaneously with filing his Complaint. (DE 1, 3.) Judge Gerald Rosen, to whom this case was originally assigned, issued an order referring all pretrial proceedings to me on December 12, 2016. (DE 7.)[1] The Court entered an Order denying Plaintiff's motion for appointment of counsel without prejudice on December 13, 2016. (DE 9.) Since that order, the Court has also granted Defendant Kone Inc.'s motion to dismiss and denied the State Defendants' motion for summary judgment based on exhaustion of administrative remedies (DE 29, 41), and Defendant Corizon Health, Inc. has filed a motion to dismiss for failure to state a claim. (DE 38.)

Plaintiff filed a second motion for appointment of counsel on June 16, 2017 (DE 37), and a third motion for appointment of counsel on September 19, 2017. (DE 43.) In Plaintiff's second and third motions, he again asks the court to appoint an attorney in this civil matter because he is unable to afford counsel and his imprisonment, lack of education, limited access to a law library and limited knowledge of the law impinge on his ability to litigate this case successfully. Plaintiff further argues that this case will involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross-examine witnesses, as well as access records through the Freedom of Information Act.

---

[1] On December 27, 2016, this case was reassigned from Judge Rosen to Judge Sean F. Cox. (12/27/2016 Text-Only Order.)

## II. ANALYSIS

As a preliminary matter, although Plaintiff styles his motions as ones for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional

3

circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004). [2] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

Applying the foregoing authority, Plaintiff has not described circumstances sufficiently exceptional to justify a request for appointment of counsel. Plaintiff contends that he is indigent and unable to afford counsel, that his imprisonment will limit his ability to litigate this case, especially his ability to engage in discovery, and that the expertise of an attorney would be helpful to litigate this case. Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. Further, despite Plaintiff's claim to the contrary, the operative claims do not appear to

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

4

involve novel or especially complex issues. Moreover, Plaintiff has on several occasions illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a reasonably clear and organized manner. In addition, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case. Finally, although Plaintiff has survived a motion for summary judgment based on exhaustion of administrative remedies, Defendant Kone Inc.'s motion to dismiss was granted (DE 29, 41) and Defendant Corizon Health, Inc. has filed a motion to dismiss for failure to state a claim (DE 38); thus, not all dispositive motions on the substantive issues in this matter have been decided. The Court will not seek counsel for Plaintiff until all dispositive motions have been decided, if at all, as was stated in the Court's initial order denying appointment of counsel. (DE 9.)

Accordingly, at this time, Plaintiff's motions to appoint counsel are **DENIED WITHOUT PREJUDICE.** (DE 37, 43.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: September 26, 2017         s/Anthony P. Patti
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 26, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
