UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK JUIDE,

              Plaintiff,

v.

Case No. 2:16-cv-13806
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

MICHIGAN DEPARTMENT
OF CORRECTIONS, CORIZON
HEALTH, INC., THE KONE COMPANY,
PAUL D. KLEE, WILLIS CHAPMAN,
RICHARD WHITE, DAVE MARTIN,
JERRY TANNER, and ROBIN DONAGHY

              Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT CORIZON HEALTH, INC.'S UNOPPOSED MOTION TO DISMISS (DE 38)

**I.    RECOMMENDATION**: The Court should grant Defendant Corizon Health, Inc.'s unopposed motion to dismiss (DE 38).

**II.    REPORT:**

    **A.    Background**

The Court set out the factual background in this case in its Report and Recommendation dated May 31, 2017 (DE 29) and will here only set out the facts necessary to dispose of the instant motion. For the purposes of this motion to dismiss, I have accepted the allegations in Plaintiff's complaint as true.

1

Plaintiff Mack Juide (#441625) is currently incarcerated at the Michigan Department of Corrections (MDOC) Oaks Correctional Facility (ECF) in Manistee, Michigan.  *See* www.michigan.gov/corrections, "Offender Search." Plaintiff, who is proceeding without the assistance of counsel, filed his complaint and application to proceed *in forma pauperis* against nine defendants:  Corizon Health, Inc. (Corizon); wheelchair lift contractor KONE Company (KONE, Inc.); the MDOC; and six employees of the MDOC's Gus Harrison Correctional Facility (ARF), where the facts underlying this lawsuit allegedly took place.  (DE 1, ¶¶ 2-9, 13.)[1]  Plaintiff alleges: violations of the Eighth Amendment, the Americans with Disabilities Act (ADA) (42 U.S.C. §§ 12101-12213), and the Michigan Persons with Disabilities Civil Rights Act (MPDCRA) (Mich. Comp. Laws §§ 37.1101-37.1607) (Counts I & IV); retaliation and discrimination (Count II); and, "deprivation of medically necessary aids, medical treatment and medical privacy" (Count III).  (DE 1 ¶¶ 23-40.)  However, only Count III of Plaintiff's Complaint contains claims made against Corizon, alleging that its "health care services personnel" were deliberately indifferent to Plaintiff's medical needs by committing "unconstitutional conduct…, by discretely and in aggregate, operat[ing] to deprive

---

[1] My May 31, 2017 Report recommended that Plaintiff's claims against Defendant Kone be dismissed for failure to state a claim, and that the MDOC Defendants' motion for summary judgment based on exhaustion of administrative remedies be denied.  (DE 29.)  Judge Cox entered an Order adopting this Report and Recommendation on September 12, 2017.  (DE 41.)

2

[Plaintiff] of proper medical treatment and access to medically necessary aids." (*Id.* ¶ 36.) This allegedly included refusal to provide him with medically necessary latex gloves, depriving him of attendant care health service callouts and depriving him of privacy with respect to his medical condition. (*Id.*, sub-paras. b, d and e.) Plaintiff accordingly "asserts a claim of the denial of medically necessary aid, proper medical treatment and privacy against Defendant Corizon." (*Id.*, ¶ 37.)

This case has been referred to me for all pretrial proceedings. On July 28, 2017, Defendant Corizon filed the instant motion to dismiss, asserting that dismissal is appropriate because Plaintiff has failed to state a claim upon which relief can be granted. (DE 38.) On August 2, 2017, the Court issued a scheduling order, requiring Plaintiff to respond to the motion by September 15, 2017. (DE 39.) To date, Plaintiff has not filed a response.

**B.     Standard**

Defendant Corizon brings its motion pursuant to Federal Rule of Civil Procedure 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see*

*also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz*

4


*Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

  **C.** **Discussion**

 First, Corizon's motion to dismiss is unopposed and can be granted on that basis. "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1); *see also* LR 7.1(e)(1)(b) ("A response to a dispositive motion must be filed within 21 days after service of the motion."). Because Plaintiff failed to respond to Corizon's motion to dismiss, despite being ordered to do so by the Court, he is deemed to have waived any opposition to the motion. *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motion to dismiss, the arguments have been waived."); *Burdick v. Anthony*, No. 1:06-cv-2687, 2007 WL 275968, at *1 (N.D. Ohio Jan. 26, 2007) ("The district court's power to grant motions to dismiss because they are unopposed is firmly settled.") (citations omitted). A *pro se* litigant is required to follow the law, and "assumes the risks and accepts the hazards which accompany self-representation." *Graham-

*Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Accordingly, Corizon's unopposed motion to dismiss should be granted.

Notwithstanding Plaintiff's lack of opposition to Corizon's motion to dismiss, the legal arguments in the motion are well-taken. Plaintiff's Complaint alleges that Corizon "health care services personnel" were deliberately indifferent to Plaintiff's medical needs and that he was denied "medically necessary aid, proper medical treatment, and privacy." (DE 1 ¶¶ 36-37.)[2] It is well-settled that a corporation like Corizon cannot be held liable under the theory of *respondeat superior* for the actions of its employees under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Street v. Corrections Corp. of Am.*, 102 F.3d 810,

---

[2] Although Corizon did not address Plaintiff's allegations regarding "denial" or "deprivation" of privacy based on being placed in a Level IV holding cell that had a "continuously operating camera" or having custody staff in "close proximity" during medical visits in his cell (DE 1, ¶ 36(d) & (e)), it is entitled to dismissal of that claim as well. First, Plaintiff has not pleaded that Corizon has control over his housing within the Department of Corrections, and the Court takes judicial notice that the MDOC is the party with control over inmate housing and monitoring of inmates. Further, "the Constitution does not encompass a general right to nondisclosure of private information." *See Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994) (citations omitted); *see also Lee v. City of Columbus*, 636 F.3d 245, 261 (6th Cir. 2011). To the extent Plaintiff's privacy claim can be construed as an alleged violation of the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d-6, that claim lacks merit because HIPAA provides no private right of action. *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010). And, if Plaintiff's claim is construed as a claim of invasion of privacy for disclosure of embarrassing or private facts under Michigan law, Plaintiff failed to plead the required elements of that claim, including an allegation of disclosure or any facts explaining how the disclosure was made or to whom. *See Doe v. Mills*, 212 Mich. App. 73, 88, 536 N.W.2d 824, 828 (1995). Accordingly, Plaintiff has failed to state a claim against Corizon with respect to his privacy.

817-18 (6th Cir. 1996) (*Monell's* bar to *respondeat superior* liability applies to private corporations such as Corizon that are performing services as an agent of the State and are therefore deemed to be state actors for purposes of § 1983).  Rather, to state a claim of deliberate indifference against Corizon, Plaintiff must plead a claim of a specific policy, practice, or custom of Corizon that "directly caused [him to suffer] a deprivation of federal rights."  *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997) (citing *Monell*, 436 U.S. at 694).

Here, Plaintiff's complaint fails to identify any such policy, practice or custom by Corizon.  (DE 1.)  As Corizon points out, Plaintiff has alleged neither sufficient specific facts as they relate to him nor a pattern of similar violations against other inmates.  Thus, in the absence of any allegations connecting the denial of medical care to Plaintiff to a specific policy, practice or custom of Corizon, Corizon is entitled to dismissal of Plaintiff's §1983 claim against it.

### D. Conclusion

The Court should grant this motion to dismiss as unopposed.  Moreover, Plaintiff has not stated a claim against Defendant Corizon Health, Inc.  Accordingly, Corizon's motion to dismiss should be **GRANTED** and all claims against Corizon should be **DISMISSED with prejudice**.

## III. PROCEDURE ON OBJECTIONS

7

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 24, 2017         s/Anthony P. Patti
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE

### **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on October 24, 2017, electronically and/or by U.S. Mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable Anthony P. Patti