UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK JUIDE,

       Plaintiff

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, PAUL D.
KLEE, WILLIE CHAPMAN, R.
WHITE, D. MARTIN, J.
TANNER and R. DONAGHY,

       Defendants.
_____/

Case No. 2:16-13806
District Judge Sean Cox
Magistrate Judge Anthony P. Patti

## **ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL (DE 54)**

Plaintiff has previously filed three motions seeking appointment of counsel in this case (DEs 3, 37 & 43), all of which have been denied. (DEs 9 & 47.) The instant motion for appointment of counsel (DE 54) characterizes the pending case as a "Petition for Writ of Habeas Corpus filed pursuant to 18 U.S.C. 1983" (¶ 1; see also ¶ 7), refers to Plaintiff repeatedly as "Petitioner," and indicates that Plaintiff is currently both seeking and receiving assistance through the MDOC's Legal Writer Program (¶¶ 4, 8). Plaintiff asserts that, due to his incarceration, he "is essentially handicapped from conducting any investigation into his case, which involves contacting defenses [sic] witnesses." (¶ 5.)

Preliminarily, the Court notes that this case is not filed as a petition for *habeas corpus* relief, but rather, asserts both constitutional and statutory claims concerning Plaintiff's treatment as a disabled prisoner. (See DE 1, ¶ 10.) As explained in the most recent order denying his motion for appointment of counsel without prejudice, Plaintiff's contention that "his imprisonment will limit his ability to litigate the case, especially his ability to engage in discovery" is not extraordinary; rather, it is a factor which "would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*…." (DE 47 at 4.) As the Court further explained in that order, "Plaintiff may petition the Court for recruitment of *pro bono* counsel if this case survives *all* dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future." (DE 47 at 5) (emphasis added).

Plaintiff now correctly notes that he "has survived summary judgment[,]" in that, on September 26, 2017, the Court denied certain MDOC defendants' summary judgment motion filed *on the basis of exhaustion*. (DEs 41, 29, 22.) However, the most recent order denying his request for counsel, as quoted above, was issued after the Court's denial of the above-described motion for summary judgment and, at Plaintiff's request (DE 52), the Court recently issued a scheduling order which establishes a discovery deadline of July 13, 2018 and a dispositive motion deadline of August 17, 2018. (DE 53.) Accordingly, notwithstanding the

Court's denial of a motion for summary judgment which was based on exhaustion of administrative remedies, the Court has yet to entertain a post-discovery dispositive motion on the merits under Fed. R. Civ. P. 56. Therefore, the case has not "survived all dispositive motion practice." For the reasons stated in its previous order declining to recruit counsel (DE 47), the instant motion is again **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: April 23, 2018

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 23, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti